Rounds v. Mansfield.

## ROUNDS *versus* MANSFIELD.

In c. 17, § 4, of Acts of 1853, it is provided, that each city or town, shall be responsible in damages to the party injured, for all illegal doings or defaults, of its pound-keeper.

Notwithstanding this provision, for *such doings or defaults*, the pound-keeper is *also* liable.

*Before* acting as pound-keeper, the person chosen, must give a bond with sufficient sureties, approved by the aldermen, or selectmen, for the faithful performance of his duties.

In a suit against him, without showing that his bond was *approved*, before the acts complained of were done, he cannot justify as *pound-keeper*.

ON REPORT from *Nisi Prius*, HATHAWAY, J. presiding.
TROVER, to recover the value of thirteen swine.
The defendant pleaded the general issue, and filed a brief

statement justifying the acts complained of, as pound-keeper of the city of Bangor.

The defendant offered in evidence, the *register* kept by himself, subject to objections; also his official bond, dated June 7, 1853, with surety, and the names of four of the aldermen of the city, on the back of it, approving it, but the approval bore no date.

The records introduced show, that the defendant was chosen and qualified as city pound-keeper for 1853.

The greater number of the swine, according to the register, were taken up in the highways of the city between the 9th of June and last of July, 1853, and were sold by defendant, and the proceeds placed in the county treasury after deducting the costs.

The plaintiff proved, subject to objection, that the names of the aldermen were written on the bond on August 9, 1853.

It was stipulated, that if upon the evidence admissible, the Court should be of opinion, that the action is not maintainable, a nonsuit is to be entered; otherwise a default, and the damages to be assessed by Judge APPLETON.

*Wakefield,* for defendant, relied on the following points:

1. If the proceedings were illegal the defendant is not liable in this action. If the plaintiff has 'been damnified, the city should have been made defendant. c. 17, § 4, of Acts of 1853.

2. The bond was required merely for security of the city; the plaintiff has no concern with it. It was not given for his benefit, for he can look to the city.

3. The bond required was actually given and approved in writing by a majority. *Jackson* v. *Hampden,* 20 Maine, 37.

4. The statute does not require the approval in writing; it may be by parol. It was seasonably filed with surety, and the approval had reference to the time it was filed.

5. The statute does not require the bond to be approved before the pound-keeper can act. When he had filed a good

bond he had done all that was required.  *Eustis* v. *Kidder*, 26 Maine, 100.  Neither does the statute nullify his proceedings, if the bond is not given.

6. It is not competent for plaintiff to prove, that the bond was not approved at the date of it.  Being duly filed and approved, the presumption is, it was so done at its date.

*A. Sanborn*, for plaintiff.

SHEPLEY, C. J. — The plaintiff claims to have been the owner of certain swine sold by the defendant during the year 1853.

The defence presented is, that the acts alleged to have been illegal were performed as pound-keeper of the city of Bangor.

The first objection to the plaintiff's right to maintain the action is, that the city and not the defendant, is liable for "all illegal doings or defaults of its pound-keeper," by the Act approved on March 22, 1853, c. 17, § 4.

While the city is by that Act made responsible to the party injured, the Act contains no provision, that the pound-keeper shall not remain liable, as is usual, when the intention is that the corporation alone should be liable.  The mere act of making a principal liable for the acts of an officer acting as an agent or deputy, does not deprive a party injured of his right to proceed against the person committing the injury.

In the second place it is insisted, that the defendant was duly authorized to act as pound-keeper.

The fourth section of the Act of 1853, provides that the pound-keeper shall give a bond with sufficient sureties, "to be approved by the aldermen or selectmen, for the faithful performance of the duties of his office, before he shall be entitled to act as such pound-keeper."  Being prohibited from acting before he has given an approved bond, to enable him to act in that capacity, he must show that he had complied with the provisions of the Act.  There is no proof

presented of an approval of his bond, before August 9, 1853.

The provisions of this Act are not like those noticed in the case of *Eustis* v. *Kidder*, 26 Maine, 97.

In that case, the language requiring an approval by the selectmen, of a bond of a constable, was regarded as directory; for the penalty was incurred by the service of process " before giving such bond." In this case, the title to act is made dependent upon giving a bond approved.

*Defendant defaulted, — to be heard in damages.*

TENNEY, HOWARD and APPLETON, J. J., concurred.